UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CAROLE OBLINGER, et al.,

    Plaintiffs,

vs.

DONEGAL GROUP INC.
dba DONEGAL, et al.,

    Defendants.

Case No. 1:18-cv-775

Bowman, M.J.

## MEMORANDUM ORDER

This civil action is now before the Court on Defendant Donegal Group Inc.'s (Donegal) motion to dismiss (Doc. 11) and the parties' responsive memoranda. Also before the Court is Defendant Donegal and Defendant Atlantic States Insurance Company's ("ASIC") motion to bifurcate the bad faith claims. (Doc. 14). The motions will be addressed in turn.

### I. Background and Facts

Plaintiff Carole Oblinger suffered catastrophic injuries in an automobile accident which occurred on December 21, 2015. (Doc. 1, ¶¶ 7-15). Among other things, Ms. Oblinger suffered a traumatic brain injury which has and will continue to have a serious impact upon her for the rest of her life. *Id.* After resolving their claim with the tortfeasor's insurer, Plaintiffs sought compensation from Defendants Donegal and ASIC pursuant to contracts for automobile insurance which provided Plaintiffs with underinsured motorist coverage. *Id.* at 17-23. Plaintiffs allege that they have been attempting to obtain a good faith offer under the policy from Defendants for more than 13 months to no avail.

As such, Plaintiff filed the instant action, asserting claims against Defendants Donegal and ASIC for both: (i) breach of contract; and (ii) bad faith. Defendant Donegal is the holding company for ASIC, as demonstrated on the policy attached to Plaintiffs' Complaint. The policy explains Donegal's relationship to ASIC: About the Donegal Family of Companies: The Donegal Insurance Group is a family of regional property and casualty insurance and financial services companies that includes:

- Donegal Mutual Insurance Company

- Atlantic States Insurance Company

\*\*\*\*\*

Donegal Group Inc.

\*\*\*\*\*

(See Doc. 1, Ex. 1, at. 23).

Defendant Donegal now moves to dismiss Plaintiffs' claims against it, asserting that Plaintiffs wrongfully allege that Donegal issued Plaintiffs' policy and that Donegal is not a party to the insurance contract. Defendants Donegal and ASIC also seek bifurcation of Plaintiffs bad faith claims. Upon careful consideration and for the reasons that follow, Defendants' motions are not well-taken.

**II. Analysis**

*A. Defendant Donegal's motions to Dismiss (Doc. 11)*

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)

and *Lewis v. ACB Business Services,* 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB,* 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).[1]

Here, Donegal argues that it is the holding company for ASIC, and as such, ASIC, not Donegal, issued the policy to Plaintiffs. Thus, it argues, since Donegal did not issue

---

[1] Additionally, assessment of the facial sufficiency of a complaint must ordinarily be undertaken without regard to matters outside the pleadings, but the Court may "consider exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (citation and alteration omitted). When a party presents material outside the pleadings in connection with its motion to dismiss, the Court may convert the motion into a Motion for Summary Judgment or exclude the appended material and consider the matter only on the pleadings. See Fed. R. Civ. P. 12(d); *Gunasekera v. Irwin*, 551 F.3d 461, 466 n.1 (6th Cir. 2009). Here, Plaintiffs attach several unverified documents to their Memorandum in Opposition to Donegal's Motion to Dismiss. These include correspondence from ASIC's claims representative, a check issued by ASIC and a printout from the Securities and Exchange Commission website. Since Plaintiffs did not attach any of these documents to or reference them in their Complaint, they have not been considered by the Court. See *Gavitt v. Born*, 835 F.3d 623 (6th Cir. 2016), citing *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015).

3

the policy and is not a party to the insurance contract, Plaintiffs are not in privity of contract with Donegal. A party who is not in privity with a contracting party may not bring an action on the contract. *Accelerated Systems Integration, Inc. v. Ritzler, Coughlin & Swansinger, Ltd.*, 8th Dist. Cuyahoga No. 97481, 2012-Ohio-3803, ¶ 26, citing Prosser and Keeton, Torts, Section 93, 667 (5th Ed.1984). Courts have defined privity as "'[t]he connection of relation between two parties, each having a legally recognized interest in the same subject matter.'" *Id., citing Sayyah v. Cutrell*, 143 Ohio App.3d 102, 111-112, 757 N.E.2d 779 (12th Dist.2001).

Donegal further argues that Plaintiffs have not pled any allegations sufficient to pierce the corporate veil to hold Donegal liable for ASIC's actions. In order to pierce the corporate veil and impose liability upon the shareholders of a corporation, a plaintiff must show that (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong doing. *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos. Inc.* 67 Ohio St.3d 274, 287, 617 N.E.2d 1075 (1993), paragraph 3 of the syllabus; *RCO Internatl. Corp. v. Clevenger*, 180 Ohio App.3d 211, 2008-Ohio-6823, 904 N.E.2d 941, (10th Dist.), ¶ 9.

Plaintiffs, however, argue that the representations made in the insurance policy and language contained therein establish that Donegel is a proper party to this action. Namely, Plaintiffs contend that Donegal is listed at the top of each of the fifteen policy declaration pages of the policy, and the signature of Donegal's then-acting President,

Donald H. Nikolaus, appears at the bottom of the first fifteen pages of the policy. (Doc. 1, Ex. 1-1, p. 2-16).

Defendant ASIC, on the other hand, is listed only once on the policy declarations pages, on the first page. (Doc. 1, Ex. 1-1, p. 2). When describing the coverage provided by the policy, the policy describes what "we will pay. . ." (Doc. 1, Ex. 1-1, p. 17). The policy states that "We thank you for choosing the Donegal Insurance Group to provide for your insurance and banking needs. We value you as a customer and appreciate the opportunity to serve you." *Id.* Donegal contends however, that this argument ignores the explicit statement in the policy that **COVERAGE IS PROVIDED BY ATLANTIC STATES INSURANCE COMPANY**.

Despite this representation, Plaintiffs' communications regarding resolution and payment of the claim, and the bad faith behavior, were exchanged with Donegal, not ASIC. (Doc. 1, ¶¶ 27, 29). Donegal sent the correspondence regarding the claims which are the subject matter of this case. (*Id.*, Ex. B). Furthermore, Plaintiffs assert that they are not seeking to impose liability upon Donegal under a veil piercing theory, as Donegal contends in its Motion to Dismiss. See Mot. Dismiss (doc. 11), pp. 4-5. Rather, Plaintiffs assert direct claims against Donegal as a party (a promisor) to the insurance contract at issue.

Based on the forgoing, and in light of the fact that discovery is just beginning, the undersigned finds that privity has been sufficiently established such that Defendant Donegal's motion to dismiss (Doc. 11) is not well-taken at this time.[2]

---

[2] However, after appropriate discovery, this issue may be revisited through dispositive motions and/or motions in limine at trial.

## II. Plaintiff's motion to Bifurcate Bad Faith Claim (Doc. 14)

Defendants also seek to bifurcate the bad faith and punitive damages from the trial on the contract claim relating to underinsured motorists' coverage. Defendants also seek to stay all discovery concerning the bad faith claim until after resolution of the contract claim.

Fed.Civ.R. 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." A trial court considers several factors when deciding whether separate trials are appropriate, including potential prejudice to the jurors, possible confusion of the jurors and the resulting inconvenience and economy. *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007).

According to Defendants, bifurcation would further judicial economy. The parties do not dispute that UIM coverage is available with limits of $1 million. Rather, they disagree about the value of the Plaintiffs' claim. Thus, Defendants contend that the determination of damages is critical to the bad faith finding. If a jury awards damages within the relative range of the amount that ASIC offers to settle the case, Plaintiffs cannot complain that ASIC did not properly value their damages. Such finding would obviate the second trial on bad faith and therefore promote judicial efficiency.

Plaintiffs' however, assert that the Complaint alleges Defendants acted in bad faith and breached their duty to act in good faith "by making an unreasonably delayed response, unreasonable failure to make payment, and unreasonable failure to satisfy and settle their insureds claim, all without lawful basis or factual dispute." (Doc. 1, ¶ 27, ¶ 29). Similarly, Plaintiffs allege Defendants breached the insurance contract by failing to pay

Plaintiffs for the claims they presented. *Id.* at ¶¶ 21-23. Plaintiffs' contract claims and bad faith claims are intertwined and based upon the same facts and conduct. The same information that demonstrates Defendants' liability for the contract claim also demonstrates the Defendants' bad faith. Defendants' conduct and manner of responding to Plaintiff's claim is relevant to both claims.

Again, at this stage of the litigation, without the benefit of discovery, the undersigned finds that bifurcation is unwarranted at this time.

For these reasons, Defendant Donegal's motion to dismiss (Doc. 11) is **DENIED** and Defendants' motion to bifurcate the bad faith claim (Doc. 14) is also not well-taken and is herein **DENIED**.

**IT IS SO ORDERED.**

 */s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge