UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CAROLE OBLINGER, et al.,

    Plaintiffs,

vs.

DONEGAL GROUP INC.
dba DONEGAL, et al.,

    Defendants.

Case No. 1:18-cv-775

Bowman, M.J.

# MEMORANDUM ORDER

This civil action is now before the Court on Defendant Donegal Group Inc.'s (Donegal) motion to compel the deposition of Plaintiff's attorney Don Moore and Plaintiff's motion to quash subpoena and for protective order.

## I. Background and Facts

Plaintiff Carole Oblinger suffered catastrophic injuries in an automobile accident which occurred on December 21, 2015. (Doc. 1, ¶¶ 7-15). Among other things, Ms. Oblinger suffered a traumatic brain injury which has and will continue to have a serious impact upon her for the rest of her life. *Id.* After resolving their claim with the tortfeasor's insurer, Plaintiffs sought compensation from Defendants Donegal and ASIC pursuant to contracts for automobile insurance which provided Plaintiffs with underinsured motorist coverage. *Id.* at 17-23. Plaintiffs allege that they have been attempting to obtain a good faith offer under the policy from Defendants for more than 13 months to no avail. As such, Plaintiff filed the instant action, asserting claims against Defendants Donegal and ASIC for both: (i) breach of contract; and (ii) bad faith.

On April 30, 2019, the Court entered an Order denying Defendants' Motion to Dismiss and denying Defendants' Motion to Bifurcate the bad faith claim. (Doc. 25). On July 2, 2019, Defendants' counsel sent correspondence to attorney Moore advising that they believe he is a witness with regard to the bad faith claim and listing topics that they believe are areas where Attorney Moore has knowledge, including for example, "[t]he timing and content of your Demand letter;" and "[a]ll matters of your interaction with ASIC in the presentation of the claim[.]"  On July 10, 2019, Defendants served, via process server, at Mr. Moore's office, a Subpoena to Attorney Moore, seeking to depose Attorney Moore regarding "[f]acts related to presentation of claim and bad-faith claim filed on behalf of Carole Oblinger[.]"

ASIC seeks to depose Attorney Moore to inquire into the timing and substance of the settlement demand that Plaintiffs submitted to ASIC in connection with their claim for underinsurance motorists ("UIM") benefits. Notably, Plaintiffs have alleged that ASIC acted in bad faith for taking too long to respond to Plaintiffs' settlement demand. Plaintiffs' claim that ASIC's allegedly "delayed" offer forced them to incur the expense of filing this lawsuit. Plaintiffs also contend that ASIC's offer was too low.  In other words, Defendants argue they should be permitted to depose Attorney Moore regarding the timing and substance of the pre-suit written settlement demand submitted to Defendants on behalf of Plaintiffs because they want to present evidence at trial regarding Plaintiffs' delay in providing the demand and supporting information in defense to the bad faith claim.

**II.     Analysis**

Defendants contend that Attorney Moore is the only witness who can testify about these issues, since he was the sole presenter of the claim. No other witness can explain

why Plaintiffs delayed in submitting their settlement demand, agreed to a mediation date without objection, failed to provide complete information on the claims, and provided misleading or inaccurate information on the claims. As such, they argue that Moore is a necessary witness in this matter and the Court should compel Moore's deposition pursuant to Ohio Prof. Cond. R. 3.7

In this regard, Defendant's assert that Courts have uniformly shared the legal profession's disapproval of the dual role of advocate-witness. *United States v. Birdman*, 602 F.2d 547, 553 (3rd Cir. 1979). Ohio state and federal cases addressing an attorney's disqualification under Ohio Rule Prof'l Conduct 3.7 have developed a standard to determine whether an attorney is a necessary witness. Ohio Prof. Cond. R. 3.7 provides as follows:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case;
>
> (3) the disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or 1.9.
>
> (c) A government lawyer participating in a case shall not testify or offer the testimony of another lawyer in the same government agency, except where division (a) applies or where permitted by law.

Under Prof. Cond. R. 3.7, a lawyer may be disqualified from representing his or her client only when it is likely the lawyer will be a "necessary" witness. *County Risk Sharing Authority v. Robson*, 5th Dist. Licking No. 15-CA-62, 2016-Ohio-1460, ¶ 22. A necessary witness under the Rule is "one whose testimony must be admissible and unobtainable through other trial witnesses." Id., citing *King v. Pattison*, 5th Dist. Muskingum No. CT2013-0010, 2013-Ohio-4665; *Popa LandCo., Ltd v. Fragnoli*, 9th Dist. Medina No. 08CA0062-M, 2009-Ohio-1299, ¶ 15. "Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity considers such factors as the significance of the matters, weight of the testimony and availability of other evidence." *Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, 942 N.E.2d 409, ¶ 20 (9th Dist.) *quoting Puritas Metal Prods. Inc. v. Cole*, 9th Dist. Lorain Nos. 07CA009255, 07CA009257, and 07CA009259, 2008-Ohio-4653, ¶ 34.

Plaintiffs, however, contend there is no need for any testimony by Plaintiffs' counsel. If Defendants want to present evidence of the delay in receiving a settlement demand from Plaintiffs, their requests for additional information and the timing of Defendants' receipt of that information from Plaintiffs, or to challenge the accuracy of the damage numbers presented in the settlement demand, then they may seek to do so through their own witnesses or through cross-examination of Plaintiffs' expert witnesses. Thus, a review of the topics listed by Defendants reveals that the information sought is protected by the attorney-client and work-product privileges, and any factual information Defendants may seek, such as the dates when the demand letter and supplemental information was provided by Plaintiffs to Defendants, is either uncontroverted or obtainable from other sources including Defendants' own witnesses. Defendants'

challenges to Plaintiffs' claims and damages are properly made through cross-examination of Plaintiffs' experts or through Defendants' own experts. As such, Plaintiff's argue that the subpoena should be quashed and a protective order entered with regard to Attorney Moore's testimony.

Civil Rule 45 requires that a subpoena must be quashed when it "requires disclosure of privileged or other protected matter, if no exception or waiver applies". Fed. R. Civ. P. 45(d)(3)(A)(iii); see also *Avis Rent A Car Sys., LLC v. City of Dayton, Ohio*, S.D.Ohio No. 3:12-CV-399, 2013 WL 3778922, *10 (Rice, J.) (quashing subpoena issued to opposing counsel).

Civil Rule 26(c) permits the issuance of a protective order as follows: "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …" Fed. R. Civ. P. 26(c). To prevail on a motion for protective order, the party must "show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable." *Bros. Trading Co. v. Goodman Factors*, S.D.Ohio No. 1:14-CV-975, 2016 WL 9781140, *2 (citations omitted). Privileged matters are excluded from the scope of discovery, and the mere request to depose an opposing party's attorney constitutes good cause for obtaining a protective order. See, Fed. R. Civ. P. 26(b)(1); *Talismanic Properties, LLC v. City of Tipp City, Ohio*, S.D.Ohio No. 3:16-CV-285, 2017 WL 2544086 (Newman, MJ) (granting protective order to prevent deposition of opposing counsel, quoting, among other cases, *E.E.O.C. v. Pointe at Kirby Gate, LLC*, 290 F.R.D. 89, 91 (W.D. Tenn. 2003), which stated that, "[b]ecause [a] deposition of a party's attorney is

5

usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a ... protective order unless the party seeking the deposition can show both the propriety and need for the deposition").

In addition to Civil Rules 45 and 26, the Sixth Circuit has adopted a specific test applicable to requests to depose opposing counsel. *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002). This stringent standard, and the Defendants' failure to meet their burden under it, is set forth in detail below.

Plaintiffs' argue that the subpoena of Attorney Moore must be quashed because it fails to satisfy the *Shelton* test adopted by the Sixth Circuit in *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002) (quoting *Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir.1986) (citation omitted)): (1) there are other means to obtain the information; (2) the information sought is protected by the attorney-client and work-product privilege, and any non-privileged information is irrelevant; and (3) the information is not crucial to the preparation of the case. *Id.*

Upon careful consideration, the undersigned finds no basis to compel the deposition of Attorney Moore. Attorney Moore's motion to quash and for a protective order is well-taken and herein granted for the reasons stated below.

Here, ASIC/DGI intends to depose Attorney Moore on the following issues:

• Attorney Moore's delayed submission of the settlement demand to ASIC. Attorney Moore submitted a settlement demand almost 2 years after the accident and with only 1 year left on the statute of limitations;

• Attorney Moore failed to provide complete information in connection with the settlement demand, including the constant changing state of Carole Oblinger's employment status and his withholding of nearly 100 pages of medical records when claiming to produce the complete records of Mercy West Hospital;

• Attorney Moore insisted on attending ASIC's independent medical examination of Carole Oblinger which caused a delay in scheduling and then did not attend this for the exam;

• Attorney Moore agreed without objection to the September 11, 2018 mediation date;

• Attorney Moore submitting claims after the mediation, including $800,000 in projected Uber driving expenses when almost 4 years after the accident the Oblingers don't even have an Uber account.

• Attorney Moore offered his expert's opinion that he waited until Carole Oblinger reached maximum medical improvement until submitting the demand, attempting to justify his delay in submitting the demand.

Such information, however, can be obtained from sources other than Attorney Moore's testimony. As noted by Plaintiffs, with respect to the timing and submission of the settlement demand, any factual information any factual information sought by Defendants, such as the dates when the demand letter and supplemental information was provided by Plaintiffs to Defendants, is either uncontroverted or obtainable from other sources including Defendants' own witnesses. The date and substance of the written pre-suit settlement demand speaks for itself.

Moreover, all of the communications sent by Attorney Moore on Plaintiffs' behalf to the Defendants were received by one or more of the Defendants or their attorneys, and Defendants can present this evidence through their own witnesses. Plaintiffs further note that Defendants' own representatives have already testified in deposition about many of these very topics, and Defendants recently submitted a report of their expert on many of these very subjects including the alleged delays attributable to Plaintiffs. (Doc. 55, Ex. 2). Moreover, several of Defendants' attorneys in this litigation were also involved in the pre-

suit mediation and settlement discussions. Thus, Plaintiffs contend that Attorney Moore is no more a necessary witness than Defendants' attorneys. The undersigned agrees.

As noted above, a "necessary witness" under this rule is one whose testimony must be admissible and unobtainable through other trial witnesses. *WFG Natl. Title Ins. Co.*, 2018-Ohio-491, ¶¶ 27-29. Here, Attorney Moore is not a necessary witness because the information Defendants seek can be obtained from other sources, including their own witnesses.

Furthermore, the majority of the information sought by Defendants through the deposition of Attorney Moore is protected by the attorney-client and work product privileges. O.R.C. § 2317.02 codifies the attorney-client testimonial privilege as follows: "[t]he following persons shall not testify in certain respects: (A)(1) An attorney, concerning a communication made to the attorney by a client in that relation or concerning the attorney's advice to a client …" The attorney-client privilege is recognized as the oldest privilege relating to confidential communications. *Upjohn v. U.S.*, 449 U.S. 383, 389 (1981).

"The work-product doctrine 'protects from discovery documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's representative.'" *Cooey v. Strickland*, 269 F.R.D. 643, 647 (S.D. Ohio 2010) (quoting *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006)). Deposition questions may not elicit "disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Roa v. Tetrick*, No. 1:13–cv–379, 2014 WL 695961, at * 5 (S.D. Ohio Feb. 24, 2014) (quoting Fed.R.Civ.P. 26(b)(3)). "Opinion work product is entitled to near absolute protection

against disclosure, while fact work product may be discoverable upon a showing by a party of substantial need for the materials to prepare its case and that it cannot, without undue hardship, obtain substantially equivalent materials by other means." Id. at * 2 (quoting Fed.R.Civ.P. 26(b)(3)) (citing *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 294 (6th Cir.2002))

Based on the information sought in the subpoena and Defendants letter of July 2, 2019, Defendants seek to question Attorney Moore about the contents and reasons for the timing of his submission of the Settlement Demand, his negotiation strategy, the reasons and basis for the future damages he listed with respect to future driving needs, and whether he waited for Plaintiff Mrs. Oblinger to achieve maximum medical improvement before submitting the settlement demand. (Doc. 52 at pp. 2, 3-5). In other words, Defendants seek to depose Attorney Moore regarding his mental impressions, legal analysis, and legal strategy, as well as his communications with his clients regarding the same and their damages. Such information is protected by the work product doctrine and attorney-client privilege. *See Roa, at* No. 1:13–cv–379, 2014 WL 695961, at * 5 (quoting Fed.R.Civ.P. 26(b)(3)).

Last, Plaintiffs' request for attorney fees and costs associated with the motion to compel is not well-taken. Plaintiffs' contends that the subpoena was served in bad faith toward their insureds, the Plaintiffs, and pure harassment and frivolous litigation tactics. However, on the record before the Court, there is no indication that Defendants acted in bad faith. As noted by Defendants, the subpoena was issued before discovery cutoff, in accordance with the scheduling order and this Court's rules. Furthermore, the Court

permitted Defendants to file a motion to compel and brief the issue, in order to preserve the record for appeal.

**III.    Conclusion**

For these reasons, Defendants' motion to compel (Doc. 52) is **DENIED** and Plaintiffs' motion to quash the subpoena of Attorney Moore (Doc. 57) and for a protective order is **GRANTED.**  Plaintiffs' request for attorneys' fees is denied.

**IT IS SO ORDERED.**

 <u>/s Stephanie K. Bowman</u>
Stephanie K. Bowman
United States Magistrate Judge
